P. H. BISHOP, for plaintiff in error.

M. W. BORDERS and N. G. COLLINS, for defendant in error.

MR. JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

SALES, § 9*—*when letter does not constitute confirmation of oral contract.* A letter written by the plaintiff to the defendant, *held* to be an order for lithographic advertising hangers, which was not accepted by the defendant and was not a confirmation of an oral contract previously entered into by the parties, as it contained essential terms and stipulations, such as that time was of the essence of the contract and that the hangers as produced by the defendant must be perfect and to the entire satisfaction of the plaintiff, which terms the plaintiff had not contended were contained in the oral contract, and further that the oral contract, claimed to have been entered into by the plaintiff with a solicitor of the defendant, contained terms so essentially different from and more burdensome on the defendant than those contained in a bid previously submitted by the defendant to the plaintiff as to render it improbable that it was in fact ever entered into by the parties.

---

## Page-Davis Company, Appellant, v. John P. Shaddock, Appellee.

### Gen. No. 21,226.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed October 18, 1916.

### Statement of the Case.

Action by Page-Davis Company, a corporation, plaintiff, against John P. Shaddock, defendant, for

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

breach of an alleged contract to pay for a correspondence course of instructions furnished by defendant to plaintiff. From a judgment for defendant, plaintiff appeals.

Richards, Voigt & Darby, for appellant.

Rothchild & Schaffner, for appellee.

Mr. Justice Goodwin delivered the opinion of the court.

## Abstract of the Decision.

1. Contracts, § 309*—*what are duties of person agreeing to furnish course of instruction.* Any one agreeing to furnish a course of instruction, in the absence of a special contract, binds himself to exercise reasonable skill, judgment, ordinary care and diligence in furnishing the instruction.

2. Contracts, § 387*—*when evidence sufficient to sustain judgment in action for breach of contract.* In an action by a correspondence school for breach of a contract by a student to pay for a course of instruction, where it appeared, among other things, that students' answers sent in for correction, were corrected by girls receiving as low as six dollars per week for their services and who possessed but a superficial, if any, knowledge of the subject, *held* evidence did not justify the setting aside of a judgment for the defendant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.